NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 31, 2013
Decided July 2, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| Nos. 12-3120, 12-3258, 12-3322, 12-3654 | On Petitions for Review and Cross-Applications for Enforcement of Orders of the National Labor Relations Board. |
| BIG RIDGE, INC. & FTS INTERNATIONAL PROPPANTS, LLC, | |
| *Petitioners, Cross-Respondents,* | Nos. 14-CA-30379, 14-CA-30406, 14-RC-12824, 30-CA-82116, 30-RC-6783 |
| *v.* | |
| NATIONAL LABOR RELATIONS BOARD, *Respondent, Cross-Petitioner.* | |

## O R D E R

Big Ridge, Inc. and FTS International Proppants, LLC lost unrelated cases before the National Labor Relations Board. Petitioners argued that the Board lacked a quorum at the time it issued decisions in their cases, *see* 29 U.S.C. § 153(b), because three of the Board's five members—Sharon Block, Richard Griffin, and Terence Flynn—were improperly appointed under the Recess Appointments Clause of the Constitution.

In *NLRB v. Noel Canning*, No. 12–1281 (June 26, 2014), the U.S. Supreme Court held these three appointments invalid because "when the appointments … took place, the Senate was in the midst of a 3-day recess. Three days is too short a time to bring a recess within the scope of the Clause. Thus we conclude that the President lacked the power to make the recess appointments here at issue." Slip op. at 2.

As "in the absence of a lawfully appointed quorum, the Board cannot exercise its powers," *Noel Canning*, slip op. at 3 (citing *New Process Steel, L.P. v. NLRB*, 560 U.S. 674, 687–88 (2010)), we GRANT the petitions for review and VACATE the Board's orders in both cases. We also DENY the cross-petitions of the Board for enforcement of its orders.